Mark D. Stubbs (9353)
Jared B. Stubbs (14103)
FILLMORE SPENCER, LLC
3301 N. University Avenue
Provo, Utah  84604
Tel:  (801) 426-8200
Fax: (801) 426-8208
mstubbs@fslaw.com
*Attorneys for Philip K. Lyman*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>PHILIP KAY LYMAN,<br>MONTE JEROME WELLS,<br>JAY DEMAR REDD,<br>SHANE MORRIS MARIAN, and<br>FRANKLIN TRENT HOLLIDAY,<br><br>               Defendants. | **MOTION FOR LEAVE TO FILE MOTION TO DISMISS COUNT I OF MISDEMEANOR INFORMATION**<br><br>Case No. 2:14CR-470 RJS<br><br>Judge Robert J. Shelby |

Phillip Kay Lyman, through undersigned counsel hereby files this Motion for Leave to file Motion to Dismiss Count I of Misdemeanor Information.

1. On September 17, 2014 the defendants were charged by way of Information with Count I Conspiracy to Operate Off-Road Vehicles on Public Lands Closed to Off-Road Vehicles and Count II Operation of Off-Road Vehicle on Public Lands Closed to Off-Road Vehicles. (Dkt. 1).

2. On December 18, 2014 Mr. Wells filed Motion for a James Hearing. (Dkt. 45).

3. The Motion was joined by all of the co-defendants. (Dkt. 50, 56, 63).

4. The James hearing was scheduled for February 20, 2015. On February 17, 2015 the Court vacated the James hearing and instructed the government to "submit to the court the James statement(s) it intends to introduce at trial." (Dkt. 64). The Court ordered the government to produce the statements 14 days before trial. The Defendants were ordered to file any objections 7 days before trial.

5. At a James hearing the government is required to show by a preponderance of the evidence "1) that a conspiracy existed, 2) that both the declarant and the defendant were members of the conspiracy, and 3) that the statements were made in the course of the conspiracy"[1] in order to establish the admissibility of co-conspirator statements pursuant to Federal Rule of Evidence 801(d)(2)(E).

6. Following a James hearing Mr. Lyman would have had an opportunity to file a brief highlighting the government's failure to establish one or more of the required James hearing elements. Mr. Lyman believes that at a James hearing the government would not be able to establish that he was the member of any alleged conspiracy. There has been no discovery or evidence produced by the government showing that Lyman was the member of any conspiracy.

7. Mr. Lyman is a citizen and local county commissioner and has been charged as being a part of a conspiracy based upon news articles and social media posts that have been published. Mr. Lyman enjoys a First Amendment right to freedom of speech and freedom of press. The government has violated Mr. Lyman's Constitutional rights by charging him with conspiracy for publicly addressing matters of public concern and criticizing a federal agency. The Motion to Dismiss asks that Count I of the Information be dismissed

---

[1] 1 United States v. Owens, 70 F.3d 1118, 1123 (10th Cir. 1995).

as it violates Mr. Lyman's First Amendment Constitutional right to free speech and free press.

8. Mr. Lyman planned to raise the violation of his Constitutional rights following the James hearing as it goes to the first two elements which require the government to establish the existence of a conspiracy and that Lyman is a member of that conspiracy. However, as a result of the order to forgo any record testimony and with the parties submitting their briefs Lyman's Constitutional rights. Mr. Lyman recognizes that if he were to wait to raise the issue of the government violating his Constitutional rights in his brief that is due 7 days before trial the government would not have an opportunity to respond to his motion and the trial date may be impacted.

9. Mr. Lyman is aware that the Court has requested that any motions that may impact the trial date be raised far in advance of trial. (Dkt. 65). Mr. Lyman's Motion To Dismiss would only impact the trial date if it is filed 7 days before trial. By allowing the Motion To Dismiss to be filed now, counsel does not believe that the April 28, 2015 trial date would be impacted.

10. Therefore, in an effort to afford the government an opportunity to respond to the Motion To Dismiss Count I, provide the Court with ample opportunity to review briefing and for oral argument, and to avoid any conflicts with the scheduled jury trial Mr. Lyman seeks leave of the Court to file his Motion To Dismiss Count I.

DATED this 2nd day of March, 2015.

FILLMORE SPENCER LLC

/s/Jared B. Stubbs
Jared B. Stubbs
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that on the 2nd day of March, 2015, I caused a true and correct copy of the foregoing MOTION FOR LEAVE TO FILE MOTION TO DISMISS COUNT I OF MISDEMEANOR INFORMATION to be sent to the following via the court's electronic filing system or U.S. mail:

Nathan A. Crane
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
P.O. Box 45000
Salt Lake City, Utah  84145-5000

John W. Huber
Lake Dishman
US ATTORNEY'S OFFICE (UT)
185 South State Street, Suite 300
Salt Lake City, Utah  84111-1506

James D. Garrett
GARRETT & GARRETT
8 E. Broadway #615
Salt Lake City, Utah  84111

Sharon L. Preston
670 East 3900 South, Suite 101
Salt Lake City, Utah  84107


/s/Bonnie E. Williams
Paralegal